# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 3:13-cv-302-RJC

| | | |
|---|---|---|
| FREDERICK L. CANADY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| HURUSHU DAVIS, FNU WILLIAMS, | ) | |
| FNU PETTIGREW, D. JONE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on a review of Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 4), and on initial review of Plaintiff's Complaint filed under 42 U.S.C. § 1983, (Doc. No. 1). See 28 U.S.C. §§ 1915; 1915A.

Pro se Plaintiff Frederick Canady is a state court prisoner incarcerated at Lanesboro Correctional Institution and a frequent filer of pro se lawsuits in this district, having filed ten actions since 2010. Plaintiff filed this action on April 16, 2013, naming as Defendants the following employees of Lanesboro Correctional Institution: Sergeant Hurusha Davis, Officer Williams, Officer Pettigrew, and Officer D. Jone. (Doc. No. 1). Plaintiff alleges that Defendants denied a doctor's order to check Plaintiff's blood pressure, which "could have brought serious harm to [him]." (Id. at 4). Plaintiff alleges that because of Defendants' conduct, he "was dizzy and had to see the doctor to get more meds for my high blood pressure condition, [where] I could have a stroke or anything, and weak." (Id.).

1

The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prisoner Litigation Reform Act ("PLRA")). Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). At least three of Plaintiff's previous civil actions in this Court have been dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted. See, e.g., (Case Nos. 3:12cv209, Doc. No. 8; 3:12cv419, Doc. No. 5; 3:13cv28, Doc. No. 9). Thus, Plaintiff is subject to § 1915(g)'s bar to filing civil actions under the PLRA without prepayment of the filing fee, unless he can show that he is under imminent danger of serious physical injury.

The Court finds that Plaintiff has not shown in the instant action that he is under imminent danger of serious physical injury as required by § 1915(g) of the PLRA. Therefore, pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis must be denied, and the Court will dismiss Plaintiff's Complaint without prejudice to his ability to re-file with prepayment of the filing fee. Furthermore, Plaintiff is hereby warned that if he continues to file frivolous and/or meritless actions, the Court will not hesitate to impose a pre-filing review system and, ultimately, a pre-filing injunction to prevent Plaintiff from needlessly burdening the Court.

**IT IS, THEREFORE, ORDERED** that:

1.  Plaintiff's Application to Proceed in Forma Pauperis, (Doc. No. 4), is **DENIED**;

2.  Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED without prejudice**.


Signed: June 18, 2013


Robert J. Conrad, Jr.
United States District Judge